JUDGE REARDEN

25 CV 07419

# CIVIL RICO COMPLAINT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK



Mario Mirabal,

Plaintiff,

v.

Deutsche Bank National Trust Company; PHH Mortgage Corporation; KP Investments Miami, LLC; Law Offices Of Adorno & Cunill; John Cunill, Esq.; Amarillis Adorno, Esq.; Damas Law;  Kenneth Damas, Esq.; Quintairos, Prieto, Wood & Boyer, P.A.; Mehwish A. Yousuf, Esq.; Greenberg Traurig LLP; Ari Newman, Esq.; Beth A. Norrow, Esq; Brock and Scott PLLC Matthew Marks, Esq.; Various Title Agents/Closers (Names to be determined),

Defendants.

Case No.: _____

# CIVIL RICO COMPLAINT UNDER 18 U.S.C. §§ 1962(c) & (d) WITH REQUEST FOR DECLARATORY RELIEF, PERMANENT INJUNCTION, [PROPOSED] PRELIMINARY INJUNCTION, AND [PROPOSED]

3

# ORDER TO SHOW CAUSE

Filed by:

Mario Mirabal, Pro Se

563 W 49th Street

Miami Beach, FL 33140

solphax@gmail.com | 786-479-6596

## TABLE OF CONTENTS

I. Introduction

II. Jurisdiction & Venue

III. Parties

IV. Factual Allegations

V. Claims for Relief

VI. Request for Injunctive/Declaratory Relief

VII. Prayer for Relief

[Proposed] Preliminary Injunction

[Proposed] Order to Show Cause

Exhibit List Summary

4

Verification

Certificate of Compliance

# I. INTRODUCTION

This is a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1962(d), seeking treble damages, declaratory relief, and injunctive relief to halt ongoing enforcement of a void foreclosure judgment and derivative claims tied to Plaintiff's homestead at 563 W 49th Street, Miami Beach, Florida (the "Property").

Defendants operated and associated together as an enterprise engaged in a continuous pattern of racketeering activity — including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and fraudulent recordation/use of false instruments — to seize and retain Plaintiff's property interests and profit from void instruments and proceedings.

The enterprise is anchored by Deutsche Bank National Trust Company ("DBNTC") in New York (as trustee for IndyMac INDX Mortgage Loan Trust 2007-AR5), with PHH Mortgage Corporation acting as servicer/agent; KP Investments Miami, LLC claiming downstream title; the Law Offices of David J. Stern, P.A. fabricating a post-closing assignment; and the named attorneys and title agents executing and enforcing the scheme through courts and recording offices.

# II. JURISDICTION & VENUE

5

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 18 U.S.C. § 1964(c) (civil RICO). Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related state-law issues embedded in the RICO narrative.

Venue is proper under 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965 because DBNTC is headquartered in this District; the securitization trust was administered from or through this District; core enterprise policies and fraudulent assignment strategies were directed from here; and racketeering acts had substantial interstate effects with New York as a hub. Plaintiff is filing related actions (§ 1983 and collateral attack) in this Court, and coordinated handling promotes judicial economy.

Personal Jurisdiction and Case Coordination. At least one RICO defendant (DBNTC) is "found" and does business in this District. Under 18 U.S.C. § 1965(a)–(b), the Court may exercise nationwide service and bring the remaining enterprise participants before it where, as here, the ends of justice require a single forum. The non-RICO companion actions arise from the same nucleus of operative fact; pendent personal jurisdiction permits coordination or relation under Fed. R. Civ. P. 42(a) for a unified preliminary-injunction setting.

Abstention / Rooker–Feldman Posture. Plaintiff does not seek appellate review of a state judgment. He seeks prospective, in-personam relief against private parties and their agents/privies for independent federal injuries (fraud-tainted instruments; spoliation; unlawful enforcement). Mitchum v. Foster recognizes the Anti-Injunction Act exception for § 1983; Younger's bad-faith/extraordinary-circumstances exception applies where fraud and record manipulation nullify an adequate state forum; and Second Circuit authority

6

distinguishes independent claims from de facto appeals.

## III. PARTIES

### Plaintiff

Mario Mirabal is a natural person and resident of Miami Beach, Florida. He is the owner and occupant of the Property (563 W 49th Street, Miami Beach, FL). He appears pro se.

### Defendants

### Core Financial/Title Defendants

Deutsche Bank National Trust Company ("DBNTC") is a national banking association headquartered at 60 Wall Street, New York, NY, acting as trustee for IndyMac INDX Mortgage Loan Trust 2007-AR5. DBNTC directed trust-level enforcement policies, including reliance on a post-closing assignment to fabricate standing, and participated in the operation or management of the enterprise described herein.

PHH Mortgage Corporation ("PHH") is a New Jersey corporation with its principal place of business at 1 Mortgage Way, Mt. Laurel, NJ. PHH serviced the loan as DBNTC's agent and, upon information and belief, transmitted, filed, and relied upon false instruments and litigation statements across state lines to prosecute foreclosure and maintain enforcement, participating in the

7

enterprise's operation or management.

KP Investments Miami, LLC ("KP") is a Florida limited liability company that claims downstream title by a November 13, 2024 warranty deed rooted in the void foreclosure chain. KP pursued derivative litigation (including ejectment/specific performance) premised on the same tainted chain and, upon information and belief, actively coordinated mails/wires and court filings to advance the scheme.

Law Firms and Attorneys for DBNTC/PHH

Greenberg Traurig, LLP ("GT"), including attorneys Ari Newman, Esq. and Beth A. Norrow, Esq. (sometimes referenced in correspondence as "Narrow"), represented DBNTC and/or PHH in proceedings related to the Property. Upon information and belief, GT prepared, signed, served, and e-filed litigation submissions and communications across state lines by mail and wire, including ePortal and email transmissions, to maintain enforcement of a void judgment and instruments, and thereby participated in the enterprise's operation or management.

Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB"), including Mehwish A. Yousuf, Esq., represented DBNTC and/or PHH in proceedings related to the Property. Upon information and belief, QPWB prepared, signed, served, and e-filed litigation submissions and communications across state lines by mail and wire to maintain enforcement of a void judgment and instruments, and thereby participated in the enterprise's operation or management.

Brock & Scott, PLLC ("B&S"), including Matthew Marks, Esq., represented DBNTC and/or PHH in proceedings related to the Property. Upon

8

information and belief, B&S prepared, signed, served, and e-filed litigation submissions and communications across state lines by mail and wire to maintain enforcement of a void judgment and instruments, and thereby participated in the enterprise's operation or management.

Law Firms and Attorneys for KP

Law Offices of Adorno & Cunill ("A&C"), including John Cunill, Esq. and Amarillis Adorno, Esq., represented KP in derivative actions premised on the challenged chain of title. Upon information and belief, A&C prepared, signed, served, and e-filed litigation submissions and communications across state lines by mail and wire, leveraging void instruments and the tainted judgment despite actual or constructive knowledge of assignment defects and jurisdictional infirmities, and thereby participated in the enterprise's operation or management.

Damas Law, including Kenneth Damas, Esq., represented KP in derivative actions (including specific-performance/ejectment) premised on the challenged chain of title. Upon information and belief, Damas Law prepared, signed, served, and e-filed litigation submissions and communications across state lines by mail and wire to advance enforcement of the void chain, and thereby participated in the enterprise's operation or management.

Other Participants

Law Offices of David J. Stern, P.A. ("Stern") is a dissolved Florida law firm that executed and/or procured the June 10, 2010 post-closing assignment purporting to transfer Plaintiff's mortgage from IndyMac (then in FDIC receivership) to DBNTC as trustee, contrary to the PSA and New York trust

9

law.

Doe Title Agents/Closers 1–10 ("Title Does") are unknown persons/entities who handled recording, closing, or transfer functions necessary to propagate the enterprise's use of false instruments and to place them into the stream of commerce. Their identities will be added when ascertained.

Pleading note (Rule 9(b)): Specific predicate acts by the foregoing defendants—including particular dates, documents, transmissions, and docket events—are alleged in § IV (Factual Allegations) and in the Illustrative Predicate Acts sub-section with exhibit pin-cites. References to "mails" and "wires" include interstate USPS/overnight courier, ePortal e-filing, and email.

## IV. FACTUAL ALLEGATIONS

### A. PSA Requirements & Governing Law (IndyMac INDX 2007-AR5)

The IndyMac INDX 2007-AR5 Pooling and Servicing Agreement ("PSA") is governed by New York law. The PSA's "Governing Law" clause states: "THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK..." (PSA § 10.03, PDF p. 107).

The PSA's Article Two requires that mortgage loans be conveyed into the trust as of the Cut-off Date and delivered by the Closing Date, with delivery of complete mortgage files to the trustee or its designee. See PSA §§ 2.01–2.04 (Table of Contents showing "Section 2.01 Conveyance of Mortgage Loans," PDF p. 3; operative text spanning PDF pp. 40–47). These

10

sections (i) describe the absolute sale/conveyance of loans to the trust as of the Cut-off Date and (ii) require delivery of the mortgage files as of the Closing Date, allowing only limited post-closing substitution/cure within narrow windows not relevant here.

Section 8.01 delineates trustee duties limited to express PSA terms, reinforcing that actions must conform to the PSA. (PSA § 8.01, PDF p. 93).

## B. IndyMac Bank Failure & FDIC Receivership

IndyMac Bank, F.S.B. failed on July 11, 2008, and the FDIC became receiver. Any valid assignment after that date required appropriate FDIC authority. The securitization trust's conveyance/cut-off deadlines long predated this failure.

## C. Fabricated Post-Closing Assignment by the Stern Firm (2010)

On June 10, 2010, Erica A. Johnson-Seck, purporting to act as "Attorney in Fact" for IndyMac Bank, executed a mortgage Assignment recorded on June 14, 2010 in Miami-Dade Official Records as CFN #20100438138 (Book 27336, Page 3372), purporting to transfer Plaintiff's loan to DBNTC (as trustee) years after the PSA cut-off/closing dates and after the originating bank's FDIC receivership. (Ex. B).

The 2010 assignment is facially inconsistent with PSA §§ 2.01–2.04 (PDF pp. 40–47) and New York trust law (EPTL § 7-2.4 principles), because it attempts to add assets to a New York express trust years after the cut-off/closing, without PSA-compliant transfer formalities or permissible

11

substitution/cure.

### D. Florida Litigation History & Concealment of Dismissal with Prejudice

DBNTC prosecuted foreclosure in Miami-Dade Circuit Court Case No. 2018-018704-CA-01 (the "Foreclosure Action") using the 2010 Stern assignment as the linchpin for standing.

On March 5, 2020, Judge Bokor entered an Order of Dismissal with Prejudice in the Foreclosure Action. (Ex. C). That dispositive dismissal destroyed any standing to continue enforcement.

Despite that, the matter was later re-activated without proper notice, and on December 3, 2024, Judge Brinkley entered an Order of Dismissal Without Prejudice after the Property had already been conveyed downstream, concealing the operative 2020 dismissal with prejudice and enabling further derivative litigation. (Ex. D).

### E. Downstream Propagation to KP & New Suits

On November 13, 2024, KP Investments Miami, LLC claimed downstream title via Warranty Deed rooted in the void foreclosure chain. (Ex. E).

KP then pursued derivative suits — including ejectment and related claims — wholly dependent on the tainted foreclosure judgment and the 2010 Stern assignment. See, e.g., KP Investments Miami, LLC v. Mirabal, Miami-Dade Case No. 2024-022769-CA-01 (complaint/excerpts) (Ex. F); and related

12

litigation history in Case No. 2022-004706-CA-01.

## F. Use of Mails and Wires in Furtherance of the Scheme

Defendants used interstate mails and wires to transmit, record, and rely upon the 2010 Stern assignment and to coordinate litigation filings and communications across state lines, including e-filings and mailings to courts, recorders' offices, counsel, and parties in multiple jurisdictions.

## G. Continuing Injury & Proximate Cause

Plaintiff has incurred and continues to incur litigation expenses, experiences clouded title, and faces ongoing enforcement threats concerning his homestead — harms proximately caused by Defendants' racketeering conduct. But for the fabricated 2010 assignment and coordinated filings, no foreclosure or downstream KP claims could lawfully exist.

## H. Recent Proceedings and Continuing Enforcement Threat (July–August 2025)

Judge Orshan → Judge Simon (Miami-Dade Case No. 2024-022769-CA-01). On Aug. 25–26, 2025, Plaintiff filed Defendant's Constitutional Objection and Notice of Non-Appearance Due to Lack of Jurisdiction, with (i) a Notice of Lack of Jurisdiction & Motion to Stay/Abate and (ii) a Gmail notice reflecting deletion of a court document. Plaintiff was not served with KP's proposed order; the JA deleted Plaintiff's proposed order while entering KP's. The court proceeded to a hearing notwithstanding Plaintiff's constitutional objection and non-appearance notice. On or about Aug. 27,

2025, Judge Simon entered orders adverse to Plaintiff. These events increase imminent enforcement risk (including ejectment) and evidence procedural irregularities.

Judge Enriquez (Miami-Dade Case No. 2018-018704-CA-01). Plaintiff's Rule 1.540(d) Motion to uphold the March 5, 2020 dismissal with prejudice, declare lien extinguishment, and quiet title remains pending; Plaintiff filed an Affidavit of Forensic Facts (July 21, 2025). KP, a non-party, attempted to participate; Plaintiff moved to strike KP's unauthorized filings. Opposing filings misuse "vexatious litigant" templates to chill Plaintiff's fraud-on-the-court showing. In 2024, original loan documents were removed from the file and replaced with photocopies, creating acute preservation concerns. (Ex. Q).

Eleventh Circuit (multiple appeals/mandamus). Plaintiff filed Rule 60(d)(3) (fraud upon the court) and Rule 27(d) emergency motions documenting retroactive docket suppression and clerical irregularities across cases 25-10858, 25-10862, 25-11120, 25-11182, 25-11183, 25-11254, 25-11752. Despite requests for recusal and en banc administrative scrutiny, orders have issued from panels whose recusal was sought, while suppression issues remain unresolved—heightening the need for independent SDNY relief to prevent state-court enforcement from outpacing federal adjudication.

Ongoing Injury. These developments extend, not cure, the racketeering-linked injuries (clouded title, threatened dispossession, litigation expense, and loss of evidentiary integrity).

Supplemental Proceedings (Exhibit R). On August 28, 2025, in the derivative ejectment case KP Investments Miami, LLC v. Mirabal, Miami-Dade Case No. 2024-022769-CA-01, counsel for KP circulated draft orders, including a Rule to Show Cause setting a contempt hearing for September 18, 2025, and

14

an order compelling deposition on September 10, 2025, together with related service emails. These documents, reproduced as Exhibit R, illustrate the ongoing pattern of racketeering activity: the use of fabricated instruments and judicial process to compel enforcement, threaten contempt, and advance ejectment despite jurisdictional defects and unresolved voidness proceedings. (Ex. R).

Judicial Assignment Irregularities (Exhibit S). The state court docket reflects inconsistent judicial assignment and irregular docketing. Although Plaintiff was instructed to file with Judge Simon's chambers following reassignment, an order denying Plaintiff's motion to stay/abate was later signed by Judge Orshan, without an ePortal timestamp and docketed only as "Proposed." The docket further shows the reassignment entry (AO 25-06) inserted out of chronological sequence. These irregularities demonstrate a lack of transparency and support Plaintiff's claim that state court processes have been manipulated to advance enforcement of a void judgment. (Ex. S).

I. Enterprise Continuity, New York Hub, and Ongoing Pattern (2010–2025)

New York enterprise hub. DBNTC's New York locus functioned as the policy/direction center for post-closing assignment reliance across jurisdictions, including Florida. The 2010 Stern assignment was integrated into this policy; PHH, counsel, and title agents used mails/wires to propagate filings and instruments to and from New York.

Closed- and open-ended continuity. Predicate acts span 2010–2025: mail/wire transmissions of the fraudulent assignment, foreclosure pleadings, downstream deeds, ePortal filings, and court orders used to advance the scheme. The 2025 Orshan→Simon sequence demonstrates open-ended continuity and a threat of repetition.

Spoliation vector. The withdrawal of original loan documents and substitution with photocopies furthers concealment and obstructs redress. (Ex. Q).

Proximate cause. But for the 2010 assignment and the coordinated litigation/recording activity, no foreclosure, no downstream deed, and no KP suits could have existed.

### J. Illustrative Predicate Acts (Excerpts; not exhaustive)

To satisfy Rule 9(b) particularity, Plaintiff pleads the following exemplar predicate acts of mail and wire fraud (18 U.S.C. §§ 1341, 1343). These acts are related and continuous and illustrate the enterprise's pattern; additional acts are set forth in the exhibits incorporated by reference.

June 10–14, 2010 (Mail/Wire; False Instrument Recordation) — The Stern firm caused execution and recording of a post-closing "Assignment of Mortgage" purporting to transfer Plaintiff's loan from IndyMac (after FDIC receivership) into DBNTC's New York trust, contrary to PSA §§ 2.01–2.04 and New York EPTL principles; the instrument was transmitted and recorded using interstate mails/wires. (Ex. B; see also Ex. A (PSA excerpts)).

November 13, 2024 (Mail/Wire; Downstream Deed) — KP acquired a warranty deed downstream of the tainted foreclosure chain; associated communications and filings were transmitted by mail and wire to recorders, counsel, and courts to maintain enforcement. (Ex. E; see related filings, Ex. F).

16

2024 (Mail/Wire; Evidence Suppression/Spoliation Vector) — Original loan documents were removed/substituted with photocopies in the state-court file; associated communications and docket transmissions occurred via ePortal/email, impairing evidentiary integrity and furthering concealment. (Ex. Q).

August 25–28, 2025 (Mail/Wire; Enforcement Push & Contempt Leverage) — KP's counsel circulated draft orders (Rule to Show Cause for contempt; deposition compulsion) and service emails setting September 10 and 18, 2025 dates, seeking to force compliance and accelerate ejectment despite pending jurisdictional challenges and federal filings. (Ex. R).

July–August 2025 (Mail/Wire; Judicial Assignment/Docket Irregularities Leveraged to Advance Enforcement) — Orders and docket entries were transmitted/entered irregularly (including a denial signed by a previously disqualified judge without ePortal timestamp and the reassignment entry inserted out of sequence), undermining transparency while the enterprise pressed enforcement. (Ex. S; see also Exs. L–M, P).

Operation/Management: As pleaded in § III and § IV, law-firm defendants and attorneys did more than provide routine advocacy—they directed and executed the litigation/recording strategy at the heart of the enterprise: preparing, signing, transmitting, and recording the false instruments and the filings that weaponized those instruments, with interstate mails and wires as the means of execution.

IV. II

17

## INCORPORATION OF RELATED RECORDS

Plaintiff Mario Mirabal incorporates herein by reference the full court dockets, filings, and orders in the following related judicial proceedings. These records are publicly available, judicially noticeable under Fed. R. Evid. 201(b)(2), and form the factual and procedural foundation for the RICO claims, predicate acts, and constitutional violations set forth herein. All filings cited in the accompanying Exhibit List Summary are identified by case number, docket entry, and filing date for ease of reference:

State Court Proceedings – Miami-Dade County (11th Judicial Circuit)

Deutsche Bank National Trust Co. v. Mirabal, Case No. 2018-018704-CA-01

KP Investments Miami, LLC v. Mirabal, Case No. 2022-004706-CA-01

KP Investments Miami, LLC v. Mirabal, Case No. 2024-022769-CA-01

U.S. Bankruptcy Court (Southern District of Florida)

In re: Mario Mirabal, Case No. 23-20131-CLC

Mirabal v. Deutsche Bank National Trust Co., Adv. Pro. No. 24-01418-CLC

18

Mirabal v. KP Investments Miami, LLC, Adv. Pro. No. 24-01419-CLC

U.S. District Court (Southern District of Florida)

Mirabal v. Deutsche Bank National Trust Co., Case No. 1:25-cv-20010-PCH

Mirabal v. KP Investments Miami, LLC, Case No. 1:25-cv-20011-JEM

KP Investments Miami, LLC v. Mirabal, Case No. 1:25-cv-20688-JEM

Deutsche Bank National Trust Co. v. Mirabal, Case No. 1:25-cv-20746-JEM

KP Investments Miami, LLC v. Mirabal, Case No. 1:25-cv-20747-JEM

U.S. Court of Appeals – Eleventh Circuit
KP Investments Miami, LLC v. Mirabal

Case No. 25-10858 – Appeal from 1:25-cv-20688-JEM

Case No. 25-10862 – Appeal from 1:25-cv-20747-JEM

Case No. 25-11120 – Mandamus from 1:25-cv-20747-JEM

Case No. 25-11254 – Mandamus from 1:25-cv-20688-JEM

Deutsche Bank National Trust Co. v. Mirabal

Case No. 25-11182 – Mandamus from 1:25-cv-20746-JEM (corrected from 20747-JEM)

Case No. 25-11183 – Mandamus from 1:25-cv-20010-PCH

Case No. 25-11752 – Mandamus and emergency review from 1:25-cv-20746-JEM

Florida Supreme Court – All Writs Petition

Mirabal v. KP Investments Miami, LLC, Case No. SC2025-1325

These dockets and filings, together with the factual content cited in the verified Exhibit List Summary (Exhibits A–S), are expressly incorporated as part of this complaint. Each provides evidentiary support for the jurisdictional narrative, predicate fraud, obstruction, and continuing injury that underlie the claims in this action. This structure ensures that the Court and opposing parties can locate and review the complete record efficiently, without duplicative attachments, and in compliance with Fed. R. Civ. P. 10(c), Fed. R. Evid. 902(6), and applicable SDNY local rules.

20

# V. CLAIMS FOR RELIEF

## Count I — Substantive RICO (18 U.S.C. § 1962(c))

Plaintiff incorporates ¶¶ 1–33.

Each Defendant, directly or indirectly, conducted or participated in the conduct of the affairs of an enterprise (DBNTC/PHH/KP/Stern/counsel/title agents) through a pattern of racketeering activity consisting of multiple acts of mail fraud and wire fraud (18 U.S.C. §§ 1341, 1343) and fraudulent use/recordation of false instruments over a period exceeding a decade.

The predicate acts are related and continuous (closed-ended and open-ended continuity) and directly caused injury to Plaintiff's business/property, including threatened loss of homestead, litigation costs, and clouded title.

Plaintiff is entitled to treble damages, costs, and reasonable attorneys (2010 -2024)' fees pursuant to 18 U.S.C. § 1964(c).

## Count II — RICO Conspiracy (18 U.S.C. § 1962(d))

Plaintiff incorporates ¶¶ 1–32.

Defendants knowingly agreed and conspired to conduct the enterprise's

21

affairs through a pattern of racketeering activity, committed overt acts in furtherance, and are liable for conspiracy even if not all substantive acts are proved against each conspirator.

Plaintiff is entitled to treble damages, costs, and reasonable attorneys' fees under 18 U.S.C. § 1964(c).

## VI. REQUEST FOR INJUNCTIVE/DECLARATORY RELIEF

Permanent Injunction. Enjoin all Defendants, and those in active concert with them who receive actual notice, from: (a) enforcing or relying upon the foreclosure judgment and any derivative orders/claims concerning the Property; (b) prosecuting ejectment, specific-performance, quiet-title, or related actions dependent on the challenged chain; (c) transferring, conveying, encumbering, or recording any interest in the Property; and (d) interfering with Plaintiff's possession, pending final judgment.

Declaratory Relief. Declare that the foreclosure judgment and all derivative claims or instruments related to the Property are void and unenforceable as to Plaintiff and the Property.

Evidence Preservation and Status-Quo Relief. In addition to the restraints above, order that Defendants and those in active concert:

Preserve and refrain from removing, altering, or destroying any original loan documents, allonges, assignments, collateral files, notarial records, and court-filed originals relating to Plaintiff's loan, the 2010 assignment, and the

22

foreclosure; (Ex. Q)

Identify the present custodian(s) of any originals and produce a sworn chain-of-custody declaration within 10 days of service of the Order; (Ex. Q)

Cease any steps toward ejectment or transfer of possession, including scheduling or obtaining a writ of possession, pending the preliminary-injunction hearing; and

Refrain from recording any instrument deriving from the disputed foreclosure chain.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

A. For Plaintiff and against all Defendants on Count I (18 U.S.C. § 1962(c)) and Count II (18 U.S.C. § 1962(d));

B. Award treble damages pursuant to 18 U.S.C. § 1964(c) (amount to be proven at trial);

C. Declare that the foreclosure judgment and all derivative claims/instruments concerning 563 W 49th Street are void and unenforceable as to Plaintiff and the Property;

D. Enter a permanent injunction consistent with ¶ 36;

E. Enter the [Proposed] Preliminary Injunction set forth below pending final

23

judgment;

F. Award costs of suit and a reasonable attorney's fee under § 1964(c), including fees incurred while represented (2008–2024) and allowable costs thereafter;

G. Order coordinated handling with Plaintiff's related actions filed in this Court to promote judicial economy and consistent injunctive scope;

H. Set this matter for a bench trial on all issues so triable; and

I. Grant such other and further relief as the Court deems just and proper.

Additional Relief:

J. Evidence Preservation/Chain-of-Custody: sworn identification of current custodians of original loan/assignment documents and preservation without alteration pending judgment; (Ex. Q)

K. Records Access: production (for inspection/copying) of non-privileged custodial logs and notarial registers tied to the 2010 assignment;

L. Relation/Coordination: relation or consolidation under Rule 42(a) with Plaintiff's companion SDNY actions and a single preliminary-injunction hearing.

24

[PROPOSED] PRELIMINARY INJUNCTION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Mario Mirabal, Plaintiff,

v.

Deutsche Bank National Trust Company, et al., Defendants.

Case No.: _____

[PROPOSED] PRELIMINARY INJUNCTION

Upon consideration of Plaintiff's Verified Civil RICO Complaint, motion for

preliminary injunction, supporting declarations, exhibits, and the entire record, and after hearing argument, the Court makes the following findings pursuant to Rule 65 of the Federal Rules of Civil Procedure:

Likelihood of Success on the Merits. Plaintiff has shown a substantial likelihood of success on his RICO claims under 18 U.S.C. §§ 1962(c) and (d), based on evidence that Defendants engaged in a pattern of racketeering activity involving mail fraud, wire fraud, and the use of fraudulent mortgage assignments, including a June 10, 2010 assignment executed years after the securitization trust's cut-off/closing dates and after the originating bank's FDIC receivership.

Irreparable Harm. Plaintiff has demonstrated that, absent injunctive relief, he will suffer immediate and irreparable harm, including continued exposure to enforcement actions (ejectment and related proceedings), loss of possession of his homestead, and further clouding of title — harms for which monetary damages are inadequate. Plaintiff further shows imminent risk of sanctions and contempt based on draft state-court orders setting a deposition for September 10, 2025 and a contempt hearing for September 18, 2025, together with related service emails. (Ex. R). Plaintiff also shows evidence-preservation risks arising from removal/substitution of original loan documents. (Ex. Q). Judicial assignment and docket anomalies underscore the unreliability of state processes. (Ex. S).

Balance of Equities. The equities tip sharply in Plaintiff's favor because Defendants have no lawful interest in enforcing a void foreclosure judgment or derivative claims, while Plaintiff risks losing constitutional and property rights.

Public Interest. The public interest strongly favors granting relief to preserve

judicial integrity, protect property rights from fraudulent enforcement, and prevent continued use of court processes to perpetuate unlawful racketeering activity.

IT IS HEREBY ORDERED that, pending final judgment in this action or further order of the Court, Defendants Deutsche Bank National Trust Company; PHH Mortgage Corporation; KP Investments Miami, LLC; Law Offices of David J. Stern, P.A.; John Cunill, Esq.; Kenneth Damas, Esq.; Mehwish A. Yousuf, Esq.; Ari Newman, Esq.; Matthew Marks, Esq.; and all persons acting in concert or participation with them who receive actual notice of this Order, are ENJOINED from:

a. Enforcing, executing, or otherwise relying upon the foreclosure judgment entered in Miami-Dade Circuit Court Case No. 2018-018704-CA-01;

b. Prosecuting, continuing, or initiating any ejectment, specific performance, quiet title, or other action that depends upon the challenged foreclosure chain or the June 10, 2010 assignment;

c. Transferring, conveying, encumbering, or recording any interest in the property located at 563 W 49th Street, Miami Beach, FL 33140; and

d. Interfering in any way with Plaintiff's possession and use of the Property.

Evidence Preservation. The restrained parties shall:

e. Preserve and refrain from removing, altering, or destroying any original loan documents, allonges, assignments, collateral files, notarial records, and court-filed originals relating to Plaintiff's loan, the 2010 assignment, and the foreclosure; (Ex. Q)

f. Identify the current custodian(s) of any originals and file within 10 days a

27

sworn declaration detailing chain-of-custody; (Ex. Q)

g. Cease any steps toward ejectment or transfer of possession pending further order; and

h. Refrain from recording any instrument deriving from the disputed foreclosure chain.

Security. In light of Plaintiff's circumstances and the status-quo nature of this relief, the Court waives bond under Rule 65(c) .

Scope. This Order binds the parties; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with them who receive actual notice of this Order. Fed. R. Civ. P. 65(d)(2).

SO ORDERED.

Dated: _____, 2025

New York, New York

United States District Judge

28

[PROPOSED] ORDER TO SHOW CAUSE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Mario Mirabal, Plaintiff,

v.

Deutsche Bank National Trust Company, et al., Defendants.

Case No.: _____

[PROPOSED] ORDER TO SHOW CAUSE

Upon the Verified Civil RICO Complaint of Plaintiff Mario Mirabal, the

29

accompanying motion for a preliminary injunction, and supporting evidence, it is hereby:

ORDERED that Defendants Deutsche Bank National Trust Company; PHH Mortgage Corporation; KP Investments Miami, LLC; John Cunill, Esq.; Kenneth Damas, Esq.; Mehwish A. Yousuf, Esq.; Ari Newman, Esq.; Matthew Marks, Esq.; and all persons in active concert or participation with them, appear before this Court on the ___ day of _____, 2025, at : _.m., in Courtroom ___ of the United States Courthouse, 500 Pearl Street, New York, NY, to SHOW CAUSE why a preliminary injunction should not issue enjoining the acts described below during the pendency of this action:

a. Enforcing, executing, or otherwise relying upon the foreclosure judgment entered in Miami-Dade Circuit Court Case No. 2018-018704-CA-01;

b. Prosecuting, continuing, or initiating any ejectment, specific performance, quiet title, or other action that depends upon the challenged foreclosure chain or the June 10, 2010 assignment;

c. Transferring, conveying, encumbering, or recording any interest in the property located at 563 W 49th Street, Miami Beach, FL 33140; and

d. Interfering in any way with Plaintiff's possession and use of the Property.

Administrative Standstill & Preservation. Pending the hearing and determination of this matter, Defendants and all persons acting in concert with them who receive actual notice of this Order are TEMPORARILY RESTRAINED from the acts above and shall:

e. Preserve originals and file a custodian/chain-of-custody declaration within 10 days; (Ex. Q)

30

f. Cease any steps toward ejectment or transfer of possession; and

g. Refrain from recording any instrument deriving from the disputed chain.

Service. Service of this Order, together with the Verified Complaint, motion papers, and proposed preliminary injunction, shall be deemed good and sufficient if made by overnight courier, personal service, or electronic mail to known counsel or agents for Defendants on or before _____, 2025.

Briefing. Defendants' opposition due _____, 2025; Plaintiff's reply due _____, 2025.

Security. The Court waives bond under Rule 65(c) .

SO ORDERED.

Dated: _____, 2025

New York, New York

United States District Judge

31

EXHIBIT LIST SUMMARY — RICO

Exhibit A — Pooling & Servicing Agreement Violation & Inconsistency
Index

IndyMac INDX Mortgage Loan Trust 2007-AR5. Includes analysis of PSA
inconsistencies and structural violations.

Filed as Addendum to Defendant's Rule 1.540(d) Motion in Case No.
2018-018704-CA-01.

Filing #: 230905768 — September 5, 2025

Title: "Addendum to Defendant's Rule 1.540(d) Motion – Pooling and
Servicing Agreement Violation and Inconsistency Index"

Not yet docketed, but formally submitted to chambers of Judge Enriquez.

Exhibit B — 2010 Stern Assignment

Assignment executed June 10, 2010; recorded June 14, 2010

32

(Miami-Dade Clerk CFN #20100438138; Book 27336, Page 3372)

Exhibit C — 2020 Dismissal with Prejudice

Order of Dismissal with Prejudice

Case: 2018-018704-CA-01 (11th Judicial Circuit)

Docket Entry: D.E. 80 — March 5, 2020

Exhibit D — 2024 Dismissal Without Prejudice

Order of Dismissal Without Prejudice

Case: 2018-018704-CA-01

Docket Entry: D.E. 142 — December 3, 2024

Exhibit E — KP Warranty Deed

Warranty Deed recorded in favor of KP Investments Miami, LLC

Recorded: November 13, 2024 (CFN #118290231)

Exhibit F — KP Ejectment/Derivative Filings

Case 1: 2022-004706-CA-01

D.E. 1 — February 28, 2022

D.E. 2 — March 1, 2022

33

D.E. 37 — October 15, 2023

Case 2: 2024-022769-CA-01

D.E. 69 — July 17, 2025

D.E. 100 — August 22, 2025

Exhibit G — Defendant's Motion to Strike KP Participation (State Court)

Case: 2018-018704-CA-01

Docket Entry: D.E. 190 — August 20, 2025

Exhibit H — Rule 1.540(d) Motion & Affidavit of Forensic Facts

Case: 2018-018704-CA-01

D.E. 182 — July 25, 2025

D.E. 183 — July 25, 2025

D.E. 184 — July 26, 2025

D.E. 185 — July 26, 2025

34

D.E. 186 — July 27, 2025

Exhibit I — Eleventh Circuit Rule 60(d)(3) Submission

"FOR ALL CASES – MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(d)(3)"

Filed: May 15, 2025

D.E. 19 (25-10862) — May 15, 2025

D.E. 20 (25-10858) — May 15, 2025

Exhibit J — Eleventh Circuit En Banc Addendum

Filed: July 11, 2025

D.E. 26 (25-10862)

D.E. 28 (25-11120)

Exhibit K — Notice of Record of Oral Statement (State Court)

Preserving statements made March 11, 2025 (Judge Orshan)

Case: 2024-022769-CA-01

Docket Entry: D.E. 77 — March 13, 2025

Exhibit L — Aug. 25–26, 2025 Constitutional Objection and Notice of Non-Appearance

Case: 2024-022769-CA-01

D.E. 101 — August 25, 2025

D.E. 103 — August 26, 2025

Exhibit M — Sanctions Order (Judge Simon)

Case: 2024-022769-CA-01

Docket Entry: D.E. 106 — September 4, 2025

Exhibit N — Enriquez Docket: KP Non-Party Filings and Forensic Affidavit

Case: 2018-018704-CA-01

D.E. 173 — August 10, 2025

D.E. 190 — August 20, 2025

Exhibit O — Vexatious-Litigant Motion and Response

36

Filed in State Case: 2018-018704-CA-01 (11th Judicial Circuit, Miami-Dade)

D.E. 174 — August 15, 2025 — Plaintiff's Motion to Strike and Label Defendant a Vexatious Litigant

D.E. 175 — August 15, 2025 — Defendant's Response in Opposition and Constitutional Objection

This exhibit includes citations to Florida House Bill No. 1559 and proposed amendments used improperly by Plaintiff's counsel to suppress Defendant's filings under Rule 1.540(d).

Exhibit P — Eleventh Circuit Pattern of Suppression

Filed across consolidated appeals 25-10858 through 25-11752

D.E. 18 — March 27, 2025

D.E. 21 — April 11, 2025

D.E. 24 — May 12, 2025

D.E. 26 — July 11, 2025

Exhibit Q — Substitution of Original Loan Documents (Spoliation)

37

Case: 2018-018704-CA-01

D.E. 131 — November 24, 2024

D.E. 135 — December 1, 2024

D.E. 137 — December 13, 2024

Exhibit R — Draft Sanctions Orders and Service Emails (Simon Case)

Case: 2024-022769-CA-01

D.E. 95 — August 10, 2025

D.E. 98 — August 17, 2025

D.E. 99 — August 20, 2025

D.E. 100 — August 22, 2025

Includes draft Rule to Show Cause (Sept. 18, 2025), draft deposition order (Sept. 10, 2025), and related service emails.

Exhibit S — Judicial Assignment and Docket Irregularities (Simon/Orshan conflict)

38

Case: 2024-022769-CA-01

D.E. 83 — July 5, 2025

D.E. 87 — July 11, 2025

D.E. 92 — July 28, 2025

Includes AO 25-06 reassignment, unsigned denial, and internal routing irregularities.

## VERIFICATION — RICO

I, Mario Mirabal, am the Plaintiff in this action. I have read the foregoing Civil RICO Complaint and know the contents thereof. The factual statements therein are true to the best of my knowledge, information, and belief, formed after reasonable inquiry. I verify that the foregoing is true and correct.

Executed this 2 nd day of September, 2025, at Miami Beach, Florida.

Mario Mirabal

Plaintiff, Pro Se

563 W 49th Street

Miami Beach, FL 33140

Email: solphax@gmail.com

39

Phone: (786) 479-6596

## CERTIFICATE OF COMPLIANCE — RICO

I HEREBY CERTIFY that this filing complies with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, that all factual allegations are supported by record exhibits identified in the Exhibit List Summary, and that confidential sealed materials are not disclosed herein.

Mario Mirabal

Pro Se

# EXHIBIT A

41

Pooling & Servicing Agreement Violation & Inconsistency Index

IndyMac INDX Mortgage Loan Trust 2007-AR5

Purpose of this Index

This index highlights specific provisions of the Pooling & Servicing Agreement ("PSA") governing the IndyMac INDX Mortgage Loan Trust 2007-AR5, dated July 1, 2007, and contrasts them with actual events in Plaintiff's case.

By setting the PSA's contractual rules side-by-side with the 2010 Stern Assignment and subsequent litigation history, the violations and inconsistencies become undeniable. This chart is designed as a quick, authoritative roadmap to the fraud.

Key Violations

1. PSA Section 2.01 – Conveyance of Mortgage Loans (PSA p.40; operative delivery sentence at p.47)

PSA Requirement: All mortgage loans must be conveyed into the Trust by the Closing Date, which is July 30, 2007 (PSA § 1.01, p. 18), with a limited five-business-day grace period for Delay-Delivery Mortgage Loans (PSA § 1.01 "Delay Delivery Mortgage Loans," p. 20; § 2.01, p. 47). The Cut-off Date governing the selection of loans is July 1, 2007 (PSA § 1.01, p. 20).

Actual Events: The assignment is dated June 10, 2010 (executed by Erica Johnson-Seck) and was recorded June 30, 2010.

Violation: Assignment occurred nearly three years after the trust closing date.

Under New York trust law, late transfers are void ab initio.

Exhibit: 2010 Stern Assignment (Miami-Dade CFN 20100438138).

## 2. PSA Section 2.04 – Representations & Warranties of the Depositor (PSA p.54)

PSA Requirement: Depositor warrants that as of the Closing Date the Depositor had good title to the Mortgage Loans and that each loan was properly transferred.

Actual Events: Plaintiff's loan was not in the trust in 2007; a fabricated assignment was added in 2010.

Violation: Breach of Depositor's Closing-Date title warranty; a 2010 assignment cannot cure missing Closing-Date title.

Exhibit: Defendant's Rule 1.540(b) Motion, pp. 2–3.

## 3. PSA Section 2.05 – Delivery of Opinion of Counsel in Connection with Substitutions (PSA pp.54–55)

PSA Requirement: Post-Closing substitutions require an Opinion of Counsel to protect REMIC/tax compliance.

Actual Events: No Opinion of Counsel accompanied the 2010 assignment.

Violation: The 2010 assignment violated the PSA's substitution mechanics and REMIC safeguards; no legal opinion validating a Qualified Substitution.

Exhibit: Affidavit of Forensic Facts (Judge Enriquez).

## 4. PSA Section 2.07 – REMIC Matters (PSA p.55)

PSA Requirement: "The 'Startup Day' … shall be the Closing Date," fixing

43

REMIC timing at Closing.

Actual Events: Assignment Assignment execution: June 10, 2010 → 1,046 days Assignment recording: June 30, 2010 → 1,066 days

Violation: Any post-Closing change must follow the PSA's exclusive remedies (repurchase/substitution with Opinion of Counsel), not a 2010 assignment.

Exhibit: Rule 1.540(b) Motion, with PSA cites.

5. PSA Timing Controls — Delivery, Certification, and Recording-Return Limits (precise cites)

PSA Requirement:

• Delivery by Closing + five-business-day tail: "By the Closing Date … deliver the Mortgage File … (Delay-Delivery within five Business Days)" (§ 2.01, p. 47; § 1.01 'Delay Delivery Mortgage Loans,' p. 20).

• Trustee certifications: "By the thirtieth day … Delay Delivery Certification" and "By the ninetieth day … Final Certification" (§ 2.02, p. 51).

• Recording-return outer limits (non-MERS): where recorder-stamped originals have not yet returned from the recording office, delivery of the recorded originals (or certified copies) not later than one year following the Closing Date and, in any event, within 720 days following the Closing Date; title commitment/binder initially, policy within 120 days (§ 2.02, p. 51).

• MERS indication (administrative, not a cure): the Seller shall cause the MERS® System to indicate assignment to the Trustee in accordance with this Agreement (§ 2.01, p. 48)—a registry update that presupposes a valid PSA transfer/delivery; it does not substitute for § 2.01 delivery/§ 2.02 certifications.

• Exclusive cure: for any § 2.01 failure, the Seller's sole remedy obligation is

44

repurchase or substitution (§ 2.03, "sole remedy" sentence at p. 52; cross-reference at p. 49), and substitutions require Opinion of Counsel (§ 2.05, pp. 54–55).

Actual Events: Assignment recorded June 30, 2010.

Violation: Outside PSA delivery/certification windows and beyond the recording-return outer limit; moreover, a 2010 assignment is not a PSA-authorized cure (no § 2.03 repurchase/substitution and no § 2.05 opinion).

Note: These timing controls operate within—and are subordinate to—the REMIC Startup Day = Closing requirement (§ 2.07, p. 55); nothing in § 2.02 authorizes acceptance of a new loan after the Closing Date.

Exhibit: 2010 Stern Assignment; PSA §§ 1.01 (p. 20), 2.01 (p. 47–48), 2.02 (p. 51), 2.03 (pp. 49, 52), 2.05 (pp. 54–55).

6. PSA Article III – Servicing of Mortgage Loans (begins at PSA p.56)

PSA Requirement: Servicer must service in accordance with the PSA; it cannot insert loans post-Closing contrary to PSA delivery/timing/cure provisions.

Actual Events: PHH enforced foreclosure relying on the 2010 fabricated assignment.

Violation. Breach of servicing obligations by enforcing a void instrument.

Exhibit: PHH litigation filings (state and federal).

7. PSA § 10.03 — Governing Law (New York) (PSA p.100; operative uppercase clause at p. 107)

PSA Requirement: Agreement governed by the substantive laws of the State

of New York.

Actual Events: Under New York Estates, Powers & Trusts Law § 7-2.4, acts in contravention of the trust instrument are void.

Violation: The 2010 assignment is void from inception, not voidable, as to the Trust.

Exhibit: PSA Governing Law Clause (§ 10.03).

Summary of Violations

Late transfer nearly 3 years after Closing.

Breach of Depositor's Closing-Date title warranty.

REMIC timing violation (Startup Day = Closing); delivery/certifications missed; recording-return outer limit exceeded.

No Opinion of Counsel provided for any post-Closing substitution.

Servicer misconduct by enforcing a void assignment.

Under New York trust law, the act is void, not voidable.

Cross-Referenced Exhibits

Ex. A: 2010 Stern Assignment (Miami-Dade CFN 20100438138).

Ex. B: PSA Excerpt p.53 (540/720-day deadlines).

Ex. C: Defendant's Rule 1.540(b) Motion (pp.2–3).

Ex. D: Affidavit of Forensic Facts (Judge Enriquez case).

Ex. E: Dismissal with Prejudice (Judge Bokor, Mar. 5, 2020).

Supplemental Navigation Anchors (for the Court)

(PSA page references below are to the PSA)

SEC/EDGAR Header — Cover page (EX-4.1 header), p. 1

Table of Contents — p. 3

PSA Start — opening recital "This Pooling and Servicing Agreement...", p. 8

Article I — Definitions — p. 7

§ 1.01 — Definitions — p. 7

Article II — Conveyance of Mortgage Loans — p. 40

§ 2.01 — Conveyance of Mortgage Loans — p. 40

§ 2.02 — Acceptance by the Trustee — p. 43

§ 2.03 — Reps, Warranties & Covenants of Seller/Servicer — p. 45

§ 2.04 — Reps & Warranties of the Depositor — p. 47

§ 2.05 — Opinion of Counsel for Substitutions — p. 47

§ 2.06 — Execution and Delivery of Certificates — p. 48

MERS Designation Obligations (within § 2.x) — § 2.01(c)(ii), pp. 47–48

Article VIII — Concerning the Trustee — p. 86

§ 8.01 — Duties of the Trustee — p. 86

47

§ 10.03 — Governing Law (New York) — p. 100

REMIC — Elections & Tax Administration —

• Preliminary Statement REMIC elections (overview) — p. 8

• § 2.07 — REMIC Matters — p. 48

• § 8.11 — Tax Matters (administration & filings) — p. 92

Declaratory Appendix

Anchors & Proof (PSA-native pages + exact language)

Article I — Definitions (PSA p. 7)

§ 1.01 — Definitions (PSA p. 7+)

Quotes (timing primitives):

"Cut-off Date: July 1, 2007." (PSA p. 20).

"Closing Date: July 30, 2007." (PSA p. 18).

"Delay Delivery Mortgage Loans: … The Depositor shall deliver the Mortgage Files to the Trustee:

(A) for at least 70% … not later than the Closing Date, and

(B) for the remaining 30% … not later than five Business Days following the Closing Date." (PSA p. 20).

Revelation (PSA): The PSA itself fixes when a loan must be in-trust: Closing Date (with only a five-business-day carve-out for the remainder). Anything later falls outside § 2.01 delivery and triggers the PSA's cure mechanics (§§ 2.03/2.05).

Article II — Conveyance of Mortgage Loans (PSA p. 40)

§ 2.01 — Conveyance of Mortgage Loans (PSA p. 40; operative delivery sentence at p. 47)

Quote (delivery by Closing Date):

"By the Closing Date, the Seller shall deliver to the Depositor or, at the Depositor's direction, to the Trustee or other designee of the Depositor, the Mortgage File for each Mortgage Loan … (except that, in the case of Mortgage Loans that are Delay Delivery Mortgage Loans, such delivery may take place within five Business Days of the Closing Date) …." (PSA p. 47).

Revelation (PSA): § 2.01 requires actual delivery of each Mortgage File by the Closing Date (with a very narrow five-day tail). A 2010 paper is not § 2.01 delivery.

Cross-Reference Revelation — § 2.02 / § 2.03 / § 2.05:

§ 2.02 imposes 30/90-day certifications on delivery.

§ 2.03 makes repurchase/substitution the sole remedy for § 2.01 failures.

§ 2.05 requires Opinion of Counsel for substitutions affecting tax/REMIC status.

Collectively, the PSA leaves no role for a years-late assignment as a cure.

MERS (within § 2.01) (PSA pp. 47–48)

Quote (registry step after real transfer):

"In addition, in connection with the assignment of any MERS Mortgage Loan, the Seller agrees that it will cause, at the Seller's expense, the MERS® System to indicate that the Mortgage Loans … have been assigned by the Seller to the Trustee in accordance with this Agreement for the benefit of the Certificateholders …." (PSA p. 48).

Revelation (PSA): The PSA treats MERS as an administrative indication that follows a valid PSA transfer/delivery. A later MERS change cannot deliver Mortgage Files, satisfy § 2.02 certifications, or stand in for repurchase/substitution + Opinion of Counsel.

Cross-Reference Revelation — § 2.01 / § 2.02 / § 2.03 / § 2.05: The MERS clause presumes § 2.01 delivery. If § 2.01 wasn't satisfied on time, §§ 2.03/2.05 govern—not retroactive registry edits.

§ 2.02 — Acceptance by the Trustee (PSA p. 43; operative text at p. 51)

Quotes (certification clocks):

"By the thirtieth day after the Closing Date … the Trustee shall deliver … a Delay Delivery Certification …."

"By the ninetieth day after the Closing Date … the Trustee shall deliver … a

50

Final Certification ...." (both PSA p. 51).

Revelation (PSA): The PSA hard-wires 30/90-day controls. When a loan misses these checkpoints, the PSA channels the fix to cure provisions—not "paper later."

Cross-Reference Revelation — § 2.03/§ 2.05: The PSA's only fix for § 2.01/ § 2.02 failures is repurchase or Qualified Substitution (with Opinion of Counsel where applicable). There is no authorization for a belated assignment as a cure.

§ 2.03 — Reps, Warranties & Covenants of the Seller/Servicer (PSA p. 45; remedy sentence at p. 52)

Quote (exclusive remedy clause):

"The obligation of the Seller to substitute for or to purchase any Mortgage Loan that does not meet the requirements of Section 2.01 shall constitute the sole remedy respecting the defect available to the Trustee, the Depositor, and any Certificateholder against the Seller." (PSA p. 52).

Quote (cross-referenced cure for Delay-Delivery):

"(A) repurchase the Delay Delivery Mortgage Loan or (B) substitute the Substitute Mortgage Loan ... in the manner and subject to the conditions in Section 2.03 ...." (PSA p. 49).

Revelation (PSA): The PSA's sole remedy for a § 2.01 failure is repurchase/substitution. A "we fixed it in 2010 by assignment" theory is

51

incompatible with the PSA's remedy clause.

Cross-Reference Revelation — § 2.01/§ 2.02/§ 2.05: Missed § 2.01 delivery and § 2.02 certifications are resolved only via § 2.03/§ 2.05 (not assignment), with Opinion of Counsel when substituting.

§ 2.04 — Reps & Warranties of the Depositor (PSA p. 47; warranty sentence at p. 54)

Quote (title at Closing):

"The Depositor represents and warrants … that as of the Closing Date … the Depositor had good title to the Mortgage Loans and the Mortgage Notes were subject to no offsets, defenses, or counterclaims." (PSA p. 54).

Revelation (PSA): The PSA requires good title at Closing. If the chain first manifests via a 2010 instrument, § 2.04's "as of the Closing Date" warranty is not satisfied; standing at inception fails by the PSA's own terms.

Cross-Reference Revelation — § 2.01/§ 2.03/§ 2.05: A failure of title at Closing is a § 2.01 failure; the PSA's only corrective mechanisms are § 2.03/ § 2.05—not a late assignment.

§ 2.05 — Delivery of Opinion of Counsel in Connection with Substitutions (PSA p. 47)

Quote (section command):

"Section 2.05 Delivery of Opinion of Counsel in Connection with Substitutions." (PSA p. 47).

Revelation (PSA): Post-Closing "additions" occur only as Qualified Substitutions, backed by Opinion of Counsel to preserve tax/REMIC status. A 2010 assignment without such an opinion is facially non-compliant with the PSA.

Cross-Reference Revelation — § 2.01/§ 2.02/§ 2.03: When a loan wasn't delivered/certified within PSA windows, § 2.03 demands substitution/repurchase—and § 2.05 imposes the opinion requirement. Again: no text authorizes assignment as a cure.

§ 2.06 — Execution and Delivery of Certificates (PSA p. 48; operative recital at p. 55)

Quote (trust corpus finalized):

"The Trustee … has executed and delivered … the Certificates … evidencing … the entire ownership of the Trust Fund." (PSA p. 55).

Revelation (PSA): Certificates evidence a completed trust corpus; assets were set. Any post-Closing alteration must follow the PSA's substitution/repurchase mechanics—not back-dated paper.

Cross-Reference Revelation — § 2.03/§ 2.05: Post-Closing change = Qualified Substitution with Opinion of Counsel (as applicable). That's the sole, contract-authorized path.

53

Article VIII — Concerning the Trustee (PSA p. 86)

§ 8.01 — Duties of the Trustee (PSA p. 86; operative sentence at p. 93)

Quote (limited powers):

"[The Trustee] shall undertake to perform such duties and only such duties as are specifically set forth in this Agreement." (PSA p. 93).

Revelation (PSA): The Trustee cannot accept a non-PSA "cure." Its powers are limited to the PSA's exclusive remedies (e.g., §§ 2.03/2.05), not late assignments.

Governing Law — § 10.03 (New York) (PSA p. 100; uppercase operative text at p. 107)

Quote (governing law):

"THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK …" (PSA p. 107).

Revelation (PSA): Under New York trust law, acts in contravention of a trust instrument are void. Where the PSA prescribes delivery by Closing and exclusive cures (repurchase/substitution with opinion), a 2010 assignment is void as to the trust.

Cross-Reference Revelation — §§ 2.01/2.02/2.03/2.05: The PSA's text sets

54

timing and cures; New York law enforces those limits by nullifying contrary acts.

REMIC — Elections & Administration

§ 2.07 — REMIC Matters (PSA p. 48; operative sentence at p. 55)

Quote (Startup Day fixed):

"The 'Startup Day' … shall be the Closing Date." (PSA p. 55).

Revelation (PSA): REMIC timing is locked to Closing; later changes must honor the PSA's substitution regime with Opinion of Counsel. A 2010 assignment is not that regime.

Schedules & Exhibits index page — roman numeral iv

Quote (locator): "SCHEDULES … EXHIBITS" (Index page, roman iv).

Revelation (PSA): This points the Court to the PSA's Delay Delivery Certification (Ex. G-2) and Final Certification (Ex. H) referenced by § 2.02—proof the PSA polices timing contemporaneously, not years later.

# EXHIBIT B

CFN 2010R0438138
OR Bk 27336 Pg 3372; (1pg)
RECORDED 06/30/2010 09:08:05
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

Prepared by:          DAVID J. STERN, ESQ
Record & Return to:   900 South Pine Island Road #400
                      Plantation, FL 33324-3920
                      08-56391 (INDNW)

This space is for recording purposes only

## ASSIGNMENT OF MORTGAGE

*KNOW ALL MEN BY THESE PRESENTS:*

*THAT* INDYMAC BANK, F.S.B.

Residing or located at c/o OneWest Bank, FSB, 888 East Walnut Street, Pasadena, California 91101, herein designated as the assignor, for and in consideration of the sum of $1.00 Dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Trust 2007-AR5, Mortgage Pass-Through Certificates, Series 2007-AR5 under the Pooling and Servicing Agreement dated March 1, 2007 residing or located at: c/o OneWest Bank, FSB, 888 East Walnut Street, Pasadena, California 91101 herein designated as the assignee, the mortgage executed by ARIANA BIRENCWAJG, A SINGLE WOMAN recorded in MIAMI-DADE County, Florida at book 25351 and page 3917 encumbering the property more particularly described as follows:

**LOT 21, BLOCK 27, LAKE VIEW SUBDIVISION, ACCORDING TO MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 14, PAGE 42 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA**

together with the note and each and every other obligation described in said mortgage and the money due and to become due thereon

TO HAVE AND TO HOLD the same unto the said assignee, its successors and assigns forever, but without recourse on the undersigned.

*In Witness Whereof,* the said Assignor has hereunto set his hand and seal or caused these presents to be signed by its proper corporate officers and its corporate seal to be hereto affixed, as of the 18 day of June, 2010.

Signed in the presence of:

ATTEST:

WITNESS: _____
Print Name: Daniel Garza

WITNESS: _____
Print Name: _____

STATE OF     Texas
COUNTY OF    Travis

INDYMAC BANK, F.S.B.
(CORPORATE SEAL)

BY: _____
PRINT NAME:  Erica A. Johnson-Seck
TITLE:  Attorney in Fact

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid county and state, on this the 18 day of June, 2010, within my jurisdiction, the within named Erica A. Johnson-Seck who is personally known to me or who produced _____ as identification and who acknowledged to me that (s)he is ATTORNEY IN FACT and that for and on behalf of INDYMAC BANK, F.S.B. and as its act and deed (s)he executed the above and foregoing instrument, after first having been duly authorized by INDYMAC BANK, F.S.B. to do so.

WITNESS my hand and official seal in the County and State last aforesaid this 18 day of June, 2010.

one west asg


AME RIVERA
MY COMMISSION EXPIRES
March 11, 2014

_____
NOTARY PUBLIC

```
*PBM*        *F08-56391*        *D1104*
```

57

Book27336/Page3372    CFN#20100438138    Page 1 of 1

# EXHIBIT C

Filing # 104410831 E-Filed 03/05/2020 02:38:13 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2018-018704-CA-01
SECTION: CA13
JUDGE: Alexander Bokor

**Deutsche Bank National Trust Company**

Plaintiff(s)

vs.

**Ariana Birencwajg et al**

Defendant(s)

_____/

## ORDER OF DISMISSAL BASED ON SETTLEMENT

**THIS COURT** has been advised that the matter has been settled as to all parties and therefore, it is hereby:

**ORDERED AND ADJUDGED** that this case is dismissed with prejudice. The Court reserves jurisdiction to enforce the settlement and to enter orders necessary to this enforcement, or to set aside this Order of Dismissal if the matter has not been resolved. The Court also reserves jurisdiction to assess attorney's fees and costs, if applicable, upon proper motion and hearing.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 5th day of March, 2020.

2018-018704-CA-01 03-05-2020 2:34 PM
Hon. Alexander Bokor

**CIRCUIT COURT JUDGE**
Electronically Signed

Case No: 2018-018704-CA-01

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS
FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL
PARTIES.

**Electronically Served:**

Jarret Ian Berfond, FLeFileTeam@brockandscott.com

Jarret Ian Berfond, FLCourtDocs@brockandscott.com

Jarret Ian Berfond, CourtXpress@firmsolutions.us

Jason J Ricardo, service@ricardolaw.com

Jason J Ricardo, kim@ricardolaw.com

Jessica J Fagen, FLeFileTeam@brockandscott.com

Jessica J Fagen, FLCourtDocs@brockandscott.com

Jessica J Fagen, CourtXpress@firmsolutions.us

**Physically Served:**

# EXHIBIT E

CFN: 20240890446 BOOK 34509 PAGE 3025
DATE:11/25/2024 02:41:53 PM
DEED DOC 7,800.00
JUAN FERNANDEZ-BARQUIN
CLERK OF THE COURT & COMPTROLLER
MIAMI-DADE COUNTY, FL

This instrument prepared by:
Amarilis Adorno Esq.
Law Offices of Adorno-Cunill
1000 Brickell Avenue
Suite 1100
Miami, FL 33131
File#2022-976B

# WARRANTY DEED

This Warranty Deed Made this _13_ day of _Novemb_, 2024 between **James M. Schiff, As Special Magistrate for Mario Mirabal, a Single Man Under Case Number 2022-004706-CA-01 in The Circuit Court of The 11th Judicial Circuit In And For Miami-Dade County, Florida**, hereinafter called the grantor, whose post office address is 9130 S Dadeland Blvd Ste 2000, Miami FL 33156 and **KP INVESTMENTS MIAMI LLC, A Florida Limited Liability Company**, whose post office address is 1430 Lincoln Terrace Apt #2, Miami Beach FL 33139 hereinafter called the grantee, WITNESSETH: That said grantor, for and in consideration of the sum of $10.00 Dollars, and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situated in **Miami-Dade County, Florida:**

Lot 21, Block 27, Lake View Subdivision, according to map or plat thereof as recorded in Plat Book 14, Page 42 of the Public Records of Miami-Dade County, Florida.

**A/K/A 563 W. 49 Street, Miami Beach, FL 33140**

**FOLIO: 02-3222-022-1000**

**TOGETHER** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.
And the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to 12/31/2024.
(The terms "grantor" and "grantee" herein shall be construed to include all genders and singular or plural as the context indicates)

62

CFN: 20240890446 BOOK 34509 PAGE 3026

**IN WITNESS WHEREOF,** Grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, Sealed and Delivered in Our Presence as to:

Witness

Printed Name: ＲＥＩＮＡ Ｊ．ＤＩＡＺ

Address: 10818 SW 72 Street Unit 152

Miami, FL 33173

Witness

Printed Name: Janet L. McMurray

Address: 7713 N. Kendall Dr, A214

Miami, FL 33156

James M. Schiff, As Special Magistrate for Mario Mirabal

Under Case Number 2022-004706-CA-01 in The Circuit Court of The 11th Judicial Circuit In And For Miami-Dade County, Florida

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization on this **13** day of **November**, 2024 by James M. Schiff, James M. Schiff, As Special Magistrate for Mario Mirabal, a Single Man Under Case Number 2022-004706-CA-01 in The Circuit Court Of The 11th Judicial Circuit In And For Miami-Dade County, Florida (☒) Who is/are personally known to me or ( ) who has/have produced _____ as identification.

Notary Public
My Commission Expires:
Serial Number:



REINA J. DIAZ
Notary Public - State of Florida
Commission # HH 336084
My Comm. Expires Nov 28, 2026
Bonded through National Notary Assn.

# EXHIBIT H

Filing # 225278332 E-Filed 06/15/2025 10:50:29 AM

IN THE CIRCUIT COURT

OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

Case No. 2018-018704-CA-01

Section CA 13 (Hon. Javier A. Enriquez)

DEUTSCHE BANK NATIONAL TRUST COMPANY,

Plaintiff

v.

MARIO MIRABAL,

Defendants.

_____/

**DEFENDANT'S RULE 1.540(d) MOTION FOR RELIEF FROM VOID
ORDER OF DECEMBER 3, 2024, TO UPHOLD FINAL DISMISSAL**

65

WITH PREJUDICE ENTERED MARCH 5, 2020, TO DECLARE EXTINGUISHMENT OF DEUTSCHE BANK'S LIEN, AND TO ISSUE A DECLARATION QUIETING TITLE IN FAVOR OF DEFENDANTS MARIO MIRABAL AND ARIANA BIRENCWAJG

(Filed by Mario Mirabal, Defendant and Attorney-in-Fact for Ariana Birencwajg)

## I. INTRODUCTION

On March 5, 2020, the Hon. Zachary J. Bokor entered an Order of Dismissal with prejudice ("Bokor Order") disposing of Plaintiff's foreclosure action in its entirety (Ex. A).

That judgment became final, non-appealable, and has never been vacated or modified.

Nonetheless, on December 3, 2024, Deutsche Bank filed a motion requesting that the case be dismissed without prejudice, stating: "Plaintiff respectfully requests that this Honorable Court enter an Order dismissing the above-styled case without prejudice as the loan was paid in full" (Ex. B-1). This language misled the Court to conclude that Defendant Mirabal and Deutsche Bank had reached a settlement or payoff arrangement. Nothing could be further from the truth.

No such agreement ever existed between the parties. In reality, just weeks earlier—on November 13, 2024—Deutsche Bank had already conveyed the property to a related party, KP Investments, despite lacking legal standing. That transfer was not disclosed to the Court. The motion also asked the Clerk to "return original loan documents and substitute photostatic copies in the court file." The Hon. Tanya Brinkley then signed an order granting the

66

request, purporting to dismiss the case without prejudice, cancel the lis pendens, and replace the original documents with copies ("Brinkley Order") (Ex. B-2).

Because the Bokor Order remained operative, and the Brinkley Order was procured through fraud upon the court, the December 3, 2024 order is void ab initio and must be vacated under Fla. R. Civ. P. 1.540(d).

Defendant therefore supplements his pending Rule 1.540(b) motion with this request under Rule 1.540(d) to:

(a) vacate the December 3, 2024 order as void;

(b) uphold the March 5, 2020 dismissal with prejudice as the final and controlling judgment;

(c) declare Deutsche Bank's lien and any derivative interest extinguished; and

(d) issue a declaration quieting title in favor of Defendant Mario Mirabal..

## II. PROCEDURAL POSTURE AND FRAUD CHRONOLOGY

Date   Event

Mar 5, 2020        Bokor Order dismisses foreclosure with prejudice (Ex. A)

Nov 7, 2024        Defendant files Rule 1.540(b) Motion challenging Plaintiff's standing and asserting fraud upon the court; motion remains pending (Dkt. 229)

Nov 13, 2024        Deutsche Bank executes Warranty Deed to KP Investments while Bokor dismissal still in effect (CFN 202408900446) (Ex.

67

B)

Dec 3, 2024  Plaintiff files fraudulent Motion to Dismiss Without Prejudice; Judge Brinkley signs the order based on that misrepresentation (Ex. C-1 & C-2)

Dec 5 & 16, 2024  Defendant files motions alerting the Court to fraudulent conveyance and requesting DOJ investigation (Dkts. 240 & 242)

Dec 16, 2024      Defendant files Supplemental Notice enclosing bankruptcy court adversary filing detailing fraudulent mortgage assignment and FDIC bar to enforcement (Dkt. 242; Ex. E)

Mar 24, 2025      Defendant records Lis Pendens to safeguard title (CFN 34678-3821) (Ex. D)

Fraudulent Procurement:

Plaintiff's December 3, 2024 motion, and the order that followed, concealed the March 5, 2020 dismissal with prejudice entered by Judge Bokor (Ex. A) and the November 13, 2024 warranty deed to KP Investments (Ex. C). On that false premise, Judge Brinkley marked the final-disposition sheet "Dismissed Pursuant to Settlement — Before Hearing," even though no settlement existed and Plaintiff had already transferred title without standing.

Plaintiff's concealment included their failure to disclose that the mortgage assignment they relied on violated federal receivership restrictions and had been challenged in a pending bankruptcy adversary proceeding, which Deutsche Bank actively tried to dismiss

III. LEGAL STANDARD

Fla. R. Civ. P. 1.540(d) permits relief from a void judgment at any time.

An order issued after a case has already been dismissed with prejudice is void

68

for lack of jurisdiction.

See Lancaster v. Petty, 673 So. 2d 505 (Fla. 1st DCA 1996).

A dismissal with prejudice extinguishes any enforceable mortgage lien.

See Citibank v. Dalessio, 756 So. 2d 256 (Fla. 4th DCA 2000).

## IV. ARGUMENT

### A. The Brinkley Order Is Void.

The Court had no jurisdiction to enter an order inconsistent with the final Bokor judgment, and the order was procured through fraud and concealment of material facts.

Additionally, the December 3, 2024 Brinkley Order was issued despite Defendant's prior filing of a supplemental notice (Dkt. 242) on November 27, 2024, enclosing federal adversary pleadings that exposed the fraudulent mortgage assignment relied upon by Plaintiff. That assignment was executed in 2010 by the now-discredited Law Offices of David J. Stern and signed by Erica A. Johnson-Seck, acting as "Attorney in Fact" for IndyMac Bank, F.S.B. Ms. Johnson-Seck has been publicly identified as a robo-signer in multiple foreclosure fraud investigations, and her firm's mass document-fabrication practices led to state and federal enforcement actions, including disbarment proceedings. The assignment was fabricated nearly two years after IndyMac had collapsed and been placed into FDIC receivership. Defendant's federal filings explained how the 2010 instrument violated FDIC regulations, rendered the transfer void under 12 U.S.C. § 1821(d)(11), and severed any enforceable chain of interest. Defendant had already requested federal review and intervention based on these assignment defects. The existence of this concealed federal conflict further supports that the Brinkley Order was jurisdictionally void and procured through fraud upon the court.

69

B. The Bokor Order Must upheld.

It remains the operative final judgment, never vacated or reversed, and fully disposes of Plaintiff's claim.

C. Deutsche Bank's Lien Is Extinguished.

A dismissal with prejudice precludes enforcement of any lien or related interest.

D. Title Should Be Quieted.

The recorded Lis Pendens and Bokor's final judgment require a judicial declaration that Defendant holds clear title.

(Footnote: Defendant's March 19, 2025 Motion to Preserve Original Documents (Dkt. 247) underscores Plaintiff's attempt to remove evidence and further illustrates the bad-faith litigation conduct.)

Accordingly, the Court should issue a judicial declaration quieting title in favor of Defendants Mario Mirabal and Ariana Birencwajg

V. RELIEF REQUESTED

Defendant respectfully requests the Court:

VACATE the December 3, 2024 order as void;

UPHOLD the March 5, 2020 dismissal with prejudice;

70

DECLARE Deutsche Bank's lien and any derivative interest extinguished;

QUIET TITLE in favor of Defendants Mario Mirabal and Ariana Birencwajg through judicial declaration

Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Mario Mirabal (pro se)

563 w 49 st

Miami Beach Fl, 33140

solphax@gmail.com

786.479.6596

June 15, 2025

Exhibits:

Ex. A – Bokor Order of Dismissal with Prejudice (March 5, 2020)

Ex. B – Brinkley Order of Dismissal Without Prejudice (December 3, 2024)

  - B-1 – Plaintiff's Motion to Dismiss (December 3, 2024)

Ex. C – Warranty Deed to KP Investments (November 13, 2024; CFN 202408900446)

71

Ex. D – Recorded Lis Pendens (CFN 34678-3821)

Ex. E – IndyMac Dismissal (2011)

Ex. F – Deutsche Bank v. Mario Mirabal Dismissal (2017 case No. 2013-002778-CA-01)

## VI. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via Florida Courts E-Filing Portal on all parties registered to receive service in this action on this 14th day of June, 2025.

Respectfully submitted,

Mario Mirabal (pro se)

Date: 15 June 2025

72

# EXHIBIT A

Filing # 104410831 E-Filed 03/05/2020 02:38:13 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2018-018704-CA-01
SECTION: CA13
JUDGE: Alexander Bokor

**Deutsche Bank National Trust Company**

Plaintiff(s)

vs.

**Ariana Birencwajg et al**

Defendant(s)

_____/

## ORDER OF DISMISSAL BASED ON SETTLEMENT

**THIS COURT** has been advised that the matter has been settled as to all parties and therefore, it is hereby:

**ORDERED AND ADJUDGED** that this case is dismissed with prejudice. The Court reserves jurisdiction to enforce the settlement and to enter orders necessary to this enforcement, or to set aside this Order of Dismissal if the matter has not been resolved. The Court also reserves jurisdiction to assess attorney's fees and costs, if applicable, upon proper motion and hearing.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 5th day of March, 2020.

2018-018704-CA-01 03-05-2020 2:34 PM
Hon. Alexander Bokor

**CIRCUIT COURT JUDGE**
Electronically Signed

Case No: 2018-018704-CA-01

Page 1 of 2

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Electronically Served:**

Jarret Ian Berfond, FLeFileTeam@brockandscott.com

Jarret Ian Berfond, FLCourtDocs@brockandscott.com

Jarret Ian Berfond, CourtXpress@firmsolutions.us

Jason J Ricardo, service@ricardolaw.com

Jason J Ricardo, kim@ricardolaw.com

Jessica J Fagen, FLeFileTeam@brockandscott.com

Jessica J Fagen, FLCourtDocs@brockandscott.com

Jessica J Fagen, CourtXpress@firmsolutions.us

**Physically Served:**

# EXHIBIT B

Filing # 212100831 E-Filed 12/03/2024 05:29:50 PM

N THE CIRC T C RT OF THE ELE ENTH JUDICIAL
CIRCUIT IN AND F R MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2018-018704-CA-01
SECTION: CA13
JUDGE: Tanya Brinkley

**Deutsche Bank National Trust Company**

Plaintiff(s)

vs.

**Ariana Birencwajg et al**

Defendant(s)

/

## ORDER DISMISSING CASE WITHOUT PREJUDICE, CANCELLING NOTICE OF LIS PENDENS, DIRECTING CLERK TO RETURN ORIGINAL LOAN DOCUMENTS AND TO SUBSTITUTE PHOTOSTATIC COPIES IN THE COURT FILE

**THIS CAUSE** came before the Court on Plaintiff's Motion for Order Dismissing Case Without Prejudice, Cancelling Notice of Lis Pendens, Directing the Clerk of Court to Return Original Loan Documents and to Substitute Photostatic Copies in the Court File, (the "Motion") and the Court having reviewed the file and otherwise duly advised in the premises, finds that the Motion should be granted. It is, accordingly, **ORDERED AND ADJUDGED** that:

1. The above-styled case and the causes of action set forth therein are hereby dismissed without prejudice.

2. The Notice of Lis Pendens filed by Plaintiff and recorded on June 13, 2018 in OR Book 31013 at Page 229 of the Public records of Miami-Dade County, Florida regarding the below-described property:

   TAX ID: 02-3222-022-1000

   LOT 21, BLOCK 27, LAKE VIEW SUBDIVISION, ACCORDING TO
   MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 14,

Case No: 2018-018704-CA-01

AGE 42 O THE PUB IC RECORDS O MIAMI-DADE COUNTY, FLORIDA.

is hereby canceled, vacated, discharged and shall be of no further force or effect.

3. The Clerk of Court is directed to return the original note and mortgage to Plaintiff, c/o Brock & Scott, PLLC, at the following address: Brock & Scott, PLLC, 4919 Memorial Hwy, Suite 135, Tampa, FL 33634; and to substitute photostatic copies of the same in the Court file.

4. Pursuant to Fla. R. Civ. P. 1.420(f), the Clerk of Court is directed to record a copy of this Order in the Public Records.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 3rd day of December, 2024.

2018-018704-CA-01 12-03-2024 4:59 PM
Hon. Tanya Brinkley

**CIRCUIT COURT JUDGE**
Electronically Signed

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Electronically Served:**
Amanda Griffin Driscole, FLeFileTeam@brockandscott.com
Amanda Griffin Driscole, FLCourtDocs@brockandscott.com
Amanda Griffin Driscole, ECCM-FL@provana.com
Andres H. Lopez, eservice@alopezlawfirm.com
Andres H. Lopez, alivingston@alopezlawfirm.com
Andres H. Lopez, andres@alopezlawfirm.com
Ariana Birencwajg, service@ricardolaw.com
Francis Jonathan Mota, fmota@aijustice.org
Jarret Ian Berfond, berfondj@aol.com

Case No: 2018-018704-CA-01

arret Ian   erfond, berfondj@aol.com
Jarret Ian Berfond, berfondj@aol.com
Jessica Jo Fagen, lawfirmFL@rauschsturm.com
Jessica Jo Fagen, jfagen@rauschsturm.com
Jessica Jo Fagen, abcfleservice@abclegal.com
Julie York, FLCourtDocs@brockandscott.com
Julie York, ECCM-FL@provana.com
Karen Green, FLeFileTeam@brockandscott.com
Karen Green, FLCourtDocs@brockandscott.com
Karen Green, CourtXpress@firmsolutions.us
Kendrick Almaguer, Serv518@LegalBrains.com
Kenneth Manuel Damas, ken@damaslaw.com
Kenneth Manuel Damas, service@damaslaw.com
Mario Maribal, service@ricardolaw.com
Mario Mirabal, solphax@gmail.com
Matthew Marks, FLeFileTeam@brockandscott.com
Matthew Marks, FLCourtDocs@brockandscott.com
Matthew Marks, ECCM-FL@provana.com
Michael A Frank, mfrank@bkclawmiami.com
Michael A Frank, mail@bkclawmiami.com
Shaib Y Rios, shaib@syrios-law.com


**Physically Served:**

Filing # 212089726 E-Filed 12/03/2024 04:12:20 PM

IN THE CIRCUIT  OURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Deutsche Bank National Trust  ompany as Trustee
for IndyMac INDX Mortgage Loan Trust 2007-
AR5, Mortgage Pass-Through  ertificates Series
2007-AR5,

   Plaintiff,

vs.

Ariana Birencwajg; et al.,

   Defendants.

GENERAL JURISDICTION DIVISION

Case No. 2018-018704-CA

_____/

**MOTION FOR ORDER DISMISSING CASE WITHOUT PREJUDICE, CANCELLING
NOTICE OF LIS PENDENS, DIRECTING CLERK TO RETURN ORIGINAL LOAN
DOCUMENTS AND TO SUBSTITUTE PHOTOSTATIC COPIES IN THE COURT FILE**

**COMES NOW**, Deutsche Bank National Trust Company as Trustee for IndyMac INDX
Mortgage Loan Trust 2007 AR5, Mortgage Pass-Through Certificates Series   07-AR5,
("Plaintiff"), by and through the undersigned counsel and pursuant to Fla. Civ. P.1.420(a)(2), and
files this Motion for Order Dismissiong Case Without Prejudice, Cancelling Notice of Lis Pendens,
Directing the Clerk of Court to Return Original Loan Documents and to Substitute Photostatic
Copies in the Court File, (the "Motion"), and in support thereof states as follows:

1.  Pursuant to Fla. R.  iv. P. 1.420(a)(2), Plaintiff respectfully requests that this
Honorable Court enter an Order dismissing the above-styled case without prejudice as the loan
was paid in full.

2.  Plaintiff also requests that the Notice of Lis Pendens previously filed by Plaintiff
and recorded on June 13, 2018 in OR Book 31013 at Page    9 of the Public records of Miami-
Dade County, Florida regarding the below-described property:

TAX ID: 02-3222-022-1

  LOT 21, BLOCK 27, LAKE VIEW SUBDIVISION, ACCORDING TO MAP

  OR PLAT THEREOF AS RECORDED IN PLAT BOOK 14, PAGE 42 OF THE

  PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

ase No. 20 8-0 8704-CA-0

File # 17 F0368



be canceled, vacated, discharged and be o  no further force or effect.

3.      Plaintiff also requests the entry of an Order Directing the Clerk o  Court to: (i) return the original note and mortgage to Plaintiff, c/o the undersigned counsel at the following address: Brock & Scott, PLLC, 4919 Memorial Hwy, Suite 135, Tampa, FL 33634; and, (ii) to substitute photostatic copies of the same in the Court file.

4.      Plaintiff requests, pursuant to Fla. R. Civ. P. 1.420(f), that the Clerk of Court be directed to record the Order granting this Motion in the Public Records.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter an Order: (a) granting the Motion; (b) dismissing the above-styled case without prejudice; (c) cancelling the Notice of Lis Pendens; (d) directing the Clerk of Court to return the original note and mortgage to Plaintiff c/o the undersigned law firm and substituting photostatic copies in the Court file; (e) directing the Clerk of Court to record the Order granting this Motion in Public Records pursuant to Fla. R Civ. P. 1.420(f); and, (f) granting any and all such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy hereof was served electronically or via U.S. Mail on this 3rd day of December, 2024 to all persons on the following service list.

Respectfully submitted,

**BROCK & SCOTT, PLLC**
Attorney for Plaintiff
3825 Forrestgate Drive
Winston Salem, NC 27103
Phone: (954) 618-6955
Fax: (954) 618-6954
FLCourtDocs@brockandscott.com

By   */s/ Matthew Marks*
    Matthew Marks, Esq.
    Florida Bar No. 524336

ase No. 20 8-0 8704-CA-0                                    File # 17 F0368

81

## SERVICE LIST

The following persons were served by e-mail:

Mario Mirabal
c/o Andres H. Lopez, Esq.
7351 Wiles Rd., Ste 101
Coral Springs, FL 33067
eservice@alopezlawfirm.com

Kenneth M. Damas, Esq.
1000 Brickell Avenue, Suite 720
Miami, FL 33131
Ken@damaslaw.com; ken@acdfirm.com; service@acdfirm.com

The following persons were served by U.S. mail:

Mortgage Electronic Registration Systems, Inc., as nominee for Aegis Funding d/b/a Aegis
Home Equity
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Citibank, N.A.
c/o President, Vice President Or Any Other Officer Authorized To Accept Service
701 East 60th St. N.
Sioux Falls, SD 57104

State of Florida, Department of Revenue
c/o Executive Director, a registered agent or any other person authorized to accept service of
process
2450 Shumard Oak Blvd
Tallahassee, FL 32399

Ariana Birencwajg
563 West 49th Street
Miami Beach, FL 33140

ase No. 20 8-0 8704-CA-0                                    File # 17 F0368

82

# EXHIBIT C

CFN: 20240890446 BOOK 34509 PAGE 3025
DATE:11/25/2024  02:41:53 PM
DEED DOC 7,800.00
JUAN FERNANDEZ-BARQUIN
CLERK OF THE COURT & COMPTROLLER
MIAMI-DADE COUNTY, FL

This instrument prepared by:
Amarilis Adorno Esq.
Law Offices of Adorno-Cunill
1000 Brickell Avenue
Suite 1100
Miami, FL 33131
File#2022-976B

# WARRANTY DEED

This Warranty Deed Made this _13_ day of _Novem__, 2024 between **James M. Schiff, As Special Magistrate for Mario Mirabal, a Single Man Under Case Number 2022-004706-CA-01 in The Circuit Court of The 11ᵗʰ Judicial Circuit In And For Miami-Dade County, Florida**, hereinafter called the grantor, whose post office address is 9130 S Dadeland Blvd Ste 2000, Miami FL 33156 and **KP INVESTMENTS MIAMI LLC, A Florida Limited Liability Company**, whose post office address is 1430 Lincoln Terrace Apt #2, Miami Beach FL 33139 hereinafter called the grantee, WITNESSETH: That said grantor, for and in consideration of the sum of $10.00 Dollars, and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situated in **Miami-Dade County, Florida**:

   **Lot 21, Block 27, Lake View Subdivision, according to map or plat thereof as recorded in Plat Book 14, Page 42 of the Public Records of Miami-Dade County, Florida.**

**A/K/A 563 W. 49 Street, Miami Beach, FL 33140**

**FOLIO: 02-3222-022-1000**

**TOGETHER** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.
And the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to 12/31/2024.
(The terms "grantor" and "grantee" herein shall be construed to include all genders and singular or plural as the context indicates)

84

CFN: 20240890446 BOOK 34509 PAGE 3026

**IN WITNESS WHEREOF,** Grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, Sealed and Delivered in Our Presence as to:

James M. Schiff, As Special Magistrate for Mario Mirabal

Witness
Printed Name: REINA DIAZ
Address: 10818 SW 72 Street Unit 152
Miani, FL 33173

Under Case Number 2022-004706-CA-01 in The Circuit Court of The 11th Judicial Circuit In And For Miami-Dade County, Florida

Witness
Printed Name: Janet L. McMurray
Address: 7713 N Kendall Dr, A214
Miami, FL 33156

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization on this **13** day of **Novenger,** 2024 by James M. Schiff, James M. Schiff, As Special Magistrate for Mario Mirabal, a Single Man Under Case Number 2022-004706-CA-01 in The Circuit Court Of The 11th Judicial Circuit In And For Miami-Dade County, Florida (☒ Who is/are personally known to me or ( ) who has/have produced _____ as identification.

Notary Public
My Commission Expires:
Serial Number:



REINA J. DIAZ
Notary Public - State of Florida
Commission # HH 336084
My Comm. Expires Nov 28, 2026
Bonded through National Notary Assn.

85

# EXHIBIT D

Filing # 219451841 E-Filed 03/24/2025 12:44:23 PM

N THE CIRCU T C    RT OF THE ELEVENTH JUDIC AL CIRCU T

IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2018-018704-CA-01

DEUTSCHE BANK NATIONAL TRUST COMPANY, Plaintiff,

v.

MARIO MIRABAL, Defendant.

NOTICE OF FILING LIS PENDENS

COMES NOW the Defendant, Mario Mirabal, pro se, and hereby gives notice that a Notice of Lis Pendens has been recorded in the Official Records of Miami-Dade County, concerning the following real property:

Property Address:

563 West 49th Street, Miami Beach, FL 33140

Legal Description:

LOT 21, BLOCK 27, LAKE VIEW SUBDIVISION, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 14, PAGE 42, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

The recorded Lis Pendens is directly related to the relief sought in Defendant's 1.540(b) motion, challenging the foreclosure judgment and subsequent sale. It is filed in accordance with Section 48.23, Florida Statutes.

espectfull  sub   tted,

Mario Mirabal

Pro Se Defendant

563 w 49 st

Miami Beach FL 33140

solphax@gmail.com

786.479.6596

# EXHIBIT E

CD15
1-2

NFJA  Indymac
Plaintiff,

vs. Birenßwajg, Ariana

Defendant.
_____/

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CIVIL CIRCUIT DIVISION

CASE NO.: 08-23324-CA01

## <u>Order Dismissing Case for Plaintiff's Non-appearance at Initial Case Management Conference</u>

This case came before the Presiding Judge on ____3-21-11____ pursuant to an Order Setting Initial Case Management Conference, which requires the parties to attend the Case Management Conference.
__/__The Plaintiff failed to appear without explanation.
Therefore, this case is dismissed without prejudice.
Done, and Ordered at Miami, Miami-Dade County, Florida, this 21st of March 2010.

Presiding Judge

R' . . . A. SILVER
C . . GR JUDGE

cc:  Service List

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Form Order _____
FCCorderdismissingfornonappearance

NO FURTHER JUDICIAL ACTION IS REQUIRED
THIS CASE IS CLOSED

90

k 27628 Pg 3157 CEN 20110189786 03/24/2011 15:11:46 Pg 1 of 1 Mia-Dade Cty, Fl

# EXHIBIT F

24

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO: 2013- 2778

Deutsche Bank

Plaintiff(s),

vs.

Mario Mirabal

Defendant(s),

FILED FOR REC...

2017 MAY 30  PM 2: 18

HARVEY RUVIN
CLERK. CIRCUIT & COUNTY CTS
MIAMI-DADE COUNTY. FLA.
CIVIL DIVISION

ORDER
GRANTING/DENYING
PLAINTIFF'S/DEFENDANT'S

THIS CAUSE having come on to be heard on _____ May 30, 2017 _____
on Plaintiff's/Defendant's Motion _____ Trial _____

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

Case is hereby dismissed without prejudice
Lis Pendens is hereby released
Each Party to bear its/his own attorneys'
Fees

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this 30

day of _____ May _____, 2017.

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER _____ 12
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S) THIS CASE IS CLOSED
AS TO ALL PARTIES.
Judge's initials
Copies furnished to: Counsel of Record

117_01-554   3/11

_____
CIRCUIT COURT JUDGE

William Thomas
Circuit Court Jud...

92

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Mario Mirabal,

Plaintiff,

v.

Deutsche Bank National Trust Company; PHH Mortgage Corporation; KP
Investments Miami, LLC; Law Offices Of Adorno & Cunill; John Cunill,
Esq.; Amarillis Adorno, Esq.; Damas Law;  Kenneth Damas, Esq.;
Quintairos, Prieto, Wood & Boyer, P.A.; Mehwish A. Yousuf, Esq.;
Greenberg Traurig LLP; Ari Newman, Esq.; Beth A. Norrow, Esq; Brock and
Scott PLLC Matthew Marks, Esq.; Various Title Agents/Closers (Names to
be determined),

Defendants.

Case No.: _____

1

# TABLE OF CONTENTS — PART 1

Civil RICO Complaint (18 U.S.C. §§ 1962(c), (d))

[Proposed] Preliminary Injunction

[Proposed] Order to Show Cause

Exhibit List Summary

Verification

Certificate of Compliance